### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| VS. | * | CRIMINAL NO.  CR-20-00073-TFM |
| | * | |
| TIA DEYON PUGH, | * | |
| | * | |
| Defendant. | * | |

### REPLY TO GOVERNMENT'S SUPPLEMENTAL RESPONSE

COMES NOW the Defendant, TIA DEYON PUGH, by and through undersigned counsel, and files her Reply to the Government's Supplemental Response to Pugh's Motion to Dismiss.

The government suggests in its supplemental filing that the district court's decision in *United States v. Rupert* No. 20-CR-104 (NEB/TNL), 2021 WL 942101, at *1 (D. Minn. Mar. 12, 2021), is relevant to Ms. Pugh's overbreadth challenge. ECF 70, Government's Supplemental Response. To the contrary, *Rupert* does not offer meaningful guidance with respect to the issues Ms. Pugh has raised.

First, *Rupert* simply restates the Eighth Circuit's holding from *United States v. Mechanic*, 454 F.2d 849, 852 (8th Cir. 1971), that "Section 231(a)(3)[] applies 'only to violent physical acts,' not to speech." *Rupert*, 2021 WL 942101, at *9. However, in the intervening fifty years since *Mechanic* was decided, the Supreme Court's jurisprudence with respect to First Amendment expressive activity, facial vagueness challenges, and the judicial rewriting of statutes have superseded *Mechanic*'s holding. *See* ECF 68, Reply at 30-31.

Second, the theory that § 231(a)(3) applies narrowly to prohibit application to all nonviolent acts is not supported by the plain, undefined terms of the statute: "any act to obstruct, impede, interfere." While Congress demonstrated an intention to require force or violence as an element of 18 U.S.C. § 111(a), which uses the term "forcibly" to preface the acts "assaults, resists, opposes, impedes, intimidates, or interferes with," § 231(a)(3) does not similarly require that a person "forcibly" obstructs, impedes, or interferes with a state official. While § 111(a) was meant to apply only to forcible acts, § 231(a)(3) was intended to apply to the full range of expressive activity: "any act." *Rupert*'s cursory recitation from *Mechanic* that § 231(a)(3) applies "only to violent physical acts" fails to consider the statute's plain terms and congressional inclusion of force when it is intended.

Third, the judge in Rupert did not face or address the array of constitutional challenges, supported by extensive evidence from the legislative history, which this Court has before it.  In light of Ms. Pugh's arguments, this Court should be providing de novo review of legal questions with no controlling, or even persuasive, contrary authority: "Constitutional rights are not defined by inferences from opinions which did not address the question at issue." *Texas v. Cobb*, 532 U.S. 162, 169 (2001).

 Fourth, the opinion of the district court in *Rupert* accepted the Report and Recommendation of a magistrate court. *See United States v. Rupert*, No. 20-CR-104 (NEB/TNL), 2021 WL 50440, at *1 (D. Minn. Jan. 6, 2021) (Report and Recommendation). Notably, the defendant raised no opposition to the magistrate court's recommendation to deny the vagueness and overbreadth challenges. *See* No. 20-CR-104 (NEB/TNL), ECF 77 (Jan. 29, 2021) (objecting only to unrelated denial of suppression

motion). Accordingly, the district court in *Rupert* merely accepted the lower court's uncontested recommendation with respect to overbreadth and vagueness.

Finally, the defendant in *Rupert* ultimately pleaded guilty, not to civil disorder under § 231(a)(3), but rather to aiding and abetting commercial arson under 18 U.S.C. § 844(i). *Illinois Man Pleads Guilty To Arson Of Minneapolis Cell Phone Store*, Department of Justice – United States Attorney's Office, Apr. 7, 2021, https://www.justice.gov/usao-mn/pr/illinois-man-pleads-guilty-arson-minneapolis-cell-phone-store. The defendant's conduct was ultimately covered by federal law, and the civil disorder statute was unnecessary to hold the defendant accountable. Any dispute regarding the validity of § 231(a)(3) became moot with the plea to the other count.

Respectfully submitted on April 13, 2021.

> *s/GORDON ARMSTRONG*
> Gordon G. Armstrong, III
> Attorney at Law
> P.O. Box 1464
> Mobile, Alabama 36633
> Telephone: 251-434-6428
> gga3@arserv.com

## **CERTIFICATE OF SERVICE**

I certify that on this 13th day of April, 2021, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to:

Christopher Bodner, Esq.
United States Attorney's Office
63 N. Royal Street, Suite 600
Mobile, AL. 36601

> *s/GORDON ARMSTRONG*
> Gordon G. Armstrong, III