IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| VS. | * | CRIMINAL NO.  CR-20-00073-TFM |
| | * | |
| TIA DEYON PUGH, | * | |
| | * | |
| Defendant. | * | |

**SUPPLEMENTAL MOTION TO DISMISS SUPERSEDING INDICTMENT**

COMES NOW the Defendant, TIA DEYON PUGH, by and through undersigned counsel, and files this supplement to her motion to dismiss the superseding indictment in her case, ECF 75.

In her original motion to dismiss, ECF 52, and her reply to the government's response, ECF 68, Pugh raised the issue of the insufficiency of the indictment, and in pertinent part, its failure to give adequate notice to the defendant of the essential elements of the offense charged. As stated, "[t]he very purpose of the requirement that a [person] be indicted by grand jury is to limit his jeopardy to offenses charged by a group of . . . fellow citizens acting independently of either prosecuting attorney or judge." *United States v. Peel*, 837 F.2d 975, 978-79 (11th Cir. 1988) (quoting *Stirone v. United States*, 361 U.S. 212, 218 (1960)).

"The sufficiency of a criminal indictment is determined from its face." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992.) As previously asserted, as the case law developed and the courts began interpreting the Fifth and Sixth Amendments in tandem, a critical function of an indictment arose: notice. *See, e.g.*, *United States v.*

*Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002) ("By now, it is axiomatic that an indictment is sufficient if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution of the same offense.") (citations and internal quotation marks omitted).

As argued by counsel, and as this court recognized at the hearing on April 15, 2021, the bare-bones recitation of the statute in the indictment did not provide Pugh such adequate "notice" so as to avoid or limit her jeopardy to charges considered by the Grand Jury. In an effort to salvage the deficiency, the government returned to the Grand Jury and superseded the indictment, ECF 73. However, the new indictment remains insufficient and requires dismissal.

First, the use of the conclusory term "civil disorder" in the superseding indictment does not include the factors in the statutory definition in §232(1) nor the relationship to the "act" charged. Congress knew "civil disorder" was vague and subject to anyone's idea of a lawful demonstration being a civil disorder. Especially where the activity was sanctioned and supervised by police, the statutory definition of the "assemblage" is not met by the background information nor addressed in the substantive statement of elements.

Second, the superseding indictment pointedly omits "violent" in front of "act" as required by *Mechanic* to avoid vagueness, which of course is consistent with the face of the statute. See *United States v. Mechanic*, 454 F.2d 849 (8th Cir. 1971).

Third, the inclusion of the term "knowingly" does not include a specific intent, which the government has been claiming is an element of the offense despite its omission from the statute.

Fourth, and perhaps most notably, the superseding indictment is absolutely silent as to how the alleged civil disorder or the defendant's act "*…in any way and to any degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce",* which of course is an essential element of the offense, see 18 U.S.C. § 231(a)(3). Contrary to the requirement in *Woodruff,* supra, the new indictment gives no notice Pugh as to the "way" or "degree" that commerce and the movement of any article and commodity in commerce was "obstructed, delayed and adversely affected". Again, just as with the insufficiency of the notice of the "act" in the first indictment, the superseding indictment does not specify what the grand jury found, which leaves the government free to vary from the theory of the case presented to the grand jury. While notice can be provided by alternative means, the grand jury itself limits the case the prosecution can present to the petit jury. "[A]fter an indictment has been returned its charges may not be broadened," although they may be narrowed. *United States v. Miller*, 471 U.S. 130, 143 (1985) (quoting *Stirone v. United States*, 361 U.S. 212, 215-16 (1960)). Thus, only by providing at least some specificity of the conduct alleged are the Fifth Amendment rights of defendants protected from expansion to any other behavior or factors not presented to the grand jury that the prosecution could present at trial as a basis for conviction. A Fifth Amendment charging document is principally aimed at "sufficiently appris[ing] the defendant of what he must be prepared to meet." *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003); *see also United*

*States v. Archibald*, 212 Fed. App'x 788, 793 (11th Cir. 2006). The basic protection included in the Fifth Amendment becomes meaningless when the grand jury essentially acts as a rubber stamp, without being required to find all the elements of a statute that are not apparent from the text of the document.

As such, Pugh has no notice as to the grand jury's finding on this element: was it an alleged closing of an interstate highway off-ramp itself, or did they find probable cause that commercial vehicles hauling hazardous materials were blocked and required to detour? Or, did they perhaps find that any commercial vehicle was "obstructed, delayed or adversely affected" by resulting traffic or a closure of the I-10 Wallace tunnel, not just trucks hauling hazardous material that were required to use the off-ramp? There are any number of possible factors that could be proffered, and the absence of same subjects Pugh to double jeopardy. The Double Jeopardy Clause of the Fifth Amendment provides that "[n]o person shall be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "Based on the fundamental notion that serial prosecutions by the government are abusive," see *United States v. McIntosh,* 580 F.3d 1222, 1227 (11th Cir.2009), the Clause "protects against a second prosecution for the same offense" and "protects against multiple punishments for the same offense," North Carolina v. Pearce, 395 U.S. 711, 717 (1969).

The 11th Circuit's decision in *Peel* bears repeating here: "[t]he very purpose of the requirement that a [person] be indicted by grand jury is to limit his jeopardy to offenses charged by a group of . . . fellow citizens acting independently of either prosecuting attorney or judge." *United States v. Peel*, supra at 978-79. That "purpose" remains lacking in the superseding indictment.

In conclusion, despite the new indictment, the allegations in the superseding indictment violate both the presentment and notice functions of grand jury indictments under the Fifth and Sixth Amendments and Rule 7(c) of the Federal Rules of Criminal Procedure. Based on each of these supplemental grounds, separately and cumulatively, as well as the issues more fully set out in Pugh's prior pleadings, the Court should dismiss the superseding indictment.

Respectfully submitted this 7th day of May, 2021.

*s/GORDON ARMSTRONG*
Gordon G. Armstrong, III
Attorney at Law
P.O. Box 1464
Mobile, Alabama 36633
Telephone: 251-434-6428
gga3@arserv.com

**CERTIFICATE OF SERVICE**

I certify that on this 7th day of May, 2020, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to:

Christopher Bodner, Esq.
Justin D. Kopf, Esq.
United States Attorney's Office
63 N. Royal Street, Suite 600
Mobile, AL. 36601

*s/GORDON ARMSTRONG*
Gordon G. Armstrong, III