IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA * | |
| * | Criminal No. 20-0073-TFM |
| v. * | |
| * | |
| TIA DEYON PUGH * | |
| * | |
| * | |

**MOTION *IN LIMINE* TO EXCLUDE ARGUMENTS
ALLEGING SELECTIVE PROSECUTION**

Comes now the United States, by and through, Sean P. Costello, the United States Attorney for the Southern District of Alabama, and files this motion *in limine* seeking to bar defendant Tia Deyon Pugh from making arguments before the jury alleging selective prosecution.

**BACKGROUND**

On April 29, 2021, defendant Tia Deyon Pugh was charged with one count of violating 18 U.S.C. § 231(a)(3) via superseding indictment.[1]  [Doc. No. 73]   Specifically, the grand jury alleged that Pugh obstructed law enforcement while officers were engaged in the lawful performance of their official duties during the course of a civil disorder, which interfered with interstate commerce, when she destroyed the window of a Mobile Police Department vehicle with a baseball bat.  [*Id.*]

**ANTICIPATED TRIAL ISSUE**

Since the time Pugh was initially charged by a federal grand jury in this district, there have been multiple media reports repeatedly stating that Section 231(a)(3) is "rarely used," "rarely invoked," "seldom invoked," etc.[2]  Similarly, Pugh repeated these allegations throughout her motion to dismiss

---

[1]   Pugh was previously charged with this same federal offense in the initial indictment returned on June 24, 2020. [Doc. No. 16]

[2]   For example, a local news station's headline reads: "Mobile Woman Arrested in Protest Seeks Dismissal of 'Seldom-Invoked' Anti-Rioting Charge."  https://www.fox10tv.com/news/mobile_county/mobile-woman-arrested-in-protest-seeks-dismissal-of-seldom-invoked-anti-rioting-charge/article_e07c4808-9304-11eb-8836-fbf1f18b1b3d.html (last viewed May 7, 2021).  In another report, the local news station reported the instant charge is "a little-used anti-riot

1

the indictment, her reply to the United States' response, and her subsequent motion to dismiss the superseding indictment.³  *See* [Doc. Nos. 52, 68, 75]

During the upcoming trial, Pugh should be prohibited from making arguments alleging selective prosecution before the jury.  Such arguments would not only be factually inaccurate, but would also be a thinly-veiled attempt to seek jury nullification, which is entirely inappropriate.⁴

## ANALYSIS

As the United States explained in its response to Pugh's motion to dismiss,⁵ "To succeed on a selective prosecution claim, Pugh would have to carry a "demanding burden" to "present clear evidence" that "the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *United States v. Cannon*, 987 F.3d 924, 937 (11th Cir. 2021).  Specifically, Pugh would carry the burden to demonstrate that (1) "similarly situated individuals were not prosecuted," and (2) "the decisionmaker selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group." *United States v. Brantley*, 803 F.3d 1265, 1271 (11th Cir. 2015).   Pugh has not attempted to make these arguments before this Court, nor could she prevail if she had done so.

---

statute."  https://www.fox10tv.com/news/mobile-woman-pleads-not-guilty-to-amended-anti-riot-charge-stemming-from-protest/article_4eddc93c-adf1-11eb-bd35-b795caca2b89.html (last viewed May 7, 2021).  Politico described the statute as having been "rarely used" and "rarely invoked." *See* https://www.politico.com/news/2020/06/20/doj-local-rioting-cases-329735 *and* https://www.politico.com/news/2021/04/15/tia-pugh-federal-anti-riot-law-482216 (last viewed May 7, 2021).

³       *See, e.g.,* [Doc. No. 52, pp 1, 3] (describing the subject statute as "a seldom-invoked section of the criminal code" and "its rare application"); [Doc. No. 68, pp. 1–2] ("the government's revival of this statute after 50 years of well-deserved obscurity" and "[a]fter five decades of the statute's obsolescence"); [Doc. No. 75, p. 1] (describing  Section 231(a)(3) as "a seldom-invoked section of the criminal code authored by legislators to counter protections of the Civil Rights Act).

⁴       As the Eleventh Circuit has explained, "[T]he potential for nullification is no basis for admitting otherwise irrelevant evidence. *United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998).  Furthermore, defense counsel is prohibited from arguing for jury nullification during closing arguments, and a defendant is not entitled to an instruction about the existence of jury nullification.  *Id.*, at 1408–09; *accord United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983).

⁵       *See* [Doc. No. 66, pp. 18–19]

As a threshold matter, Pugh's allegations that Section 231(a)(3) is "seldom-invoked", *see, e.g.,* [Doc. No. 75, p. 1], is factually inaccurate. As the United States explained in its response to Pugh's motion to dismiss the indictment, "Section 231(a)(3) is being used to prosecute many of the insurrectionists who attacked the U.S. Capitol on January 6, 2021, as well as those who participated in the civil unrest that occurred during the summer of 2020." [Doc. No. 66, p. 18] Furthermore, as of the date the United States' response was filed, March 26, 2021, the United States had charged over 80 people with violating Section 231(a)(3) in connection with these events. [*Id.*] Thus, Pugh's allegations that this statute is "seldom-invoked" is wrong.

Second, any arguments of this nature would require Pugh to admit evidence to support the veracity of her claim. However, any such evidence would be irrelevant under FED. R. EVID. 402 as the number of people charged under this statute has absolutely no bearing on any issue before the jury. Admitting such evidence would be purely for nullification purposes, and that does not render otherwise irrelevant evidence admissible. *See Funches*, 135 F.3d at 1409.

The issues before the jury will be whether the United States has proven beyond a reasonable doubt all the elements of Section 231(a)(3). Any attempts to argue that this is a "seldom-invoked", "rarely used", "little used", etc. statue is irrelevant, and likely only intended for the prohibited purposed of seeking jury nullification. Such arguments should be prohibited during trial unless defense counsel can first make a showing of why such arguments would be relevant — and not for nullification purposes — outside the presence of the jury.

### REQUEST

For all of the reasons stated herein, the United States respectfully requests this Court prohibit defendant Tia Deyon Pugh from making arguments alleging selective prosecution in the upcoming trial without first having received approval to do so from this Court outside the presence of the jury.

Respectfully submitted this 8th day of May 2021.

SEAN P. COSTELLO
UNITED STATES ATTORNEY
by:

By: */s/Christopher J. Bodnar*
Christopher J. Bodnar
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602
(251) 441–5845

By: */s/Justin D. Kopf*
Justin D. Kopf
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602
(251) 441–5845

4