**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,         *
                                          *

        VS.                      *     CRIMINAL NO.  CR-20-00073-TFM
                                          *

TIA DEYON PUGH,              *
                                          *

      Defendant.           *

**DEFENDANT'S OBJECTION TO GOVERNMENT'S MOTION *IN LIMINE*
TO EXCLUDE REFERENCES TO LEGISLATIVE HISTORY**

COMES NOW the Defendant, TIA DEYON PUGH, by and through undersigned counsel, and objects to the government's motion *in limine* to exclude the defense from referencing the legislative history of 18 U.S.C. 231(a)(3) before the jury, ECF 87, and in support, shows as follows:

Counsel has no intention of making legal arguments to the jury or referencing the legislative history of the charged statute, particularly the racist views of the statutes original proponent. However, the facts related to the offense and arrest of Pugh on state and subsequent federal charges should not be limited at the request of the government in advance of trial. That after 53 years on the books, Pugh is the first person charged with violating this statute in this district, a fact of the case which is not disputed. The defense should not be limited in questioning government witnesses, particularly the law enforcement witnesses, about the facts. However, counsel has no intention of mentioning Senator Long or arguing that Pugh is being wrongfully prosecuted based on a racially motivated statute.  The court, through its order of May 13, 2021, ECF 95, has resolved

that issue. To otherwise curtail the defense with such restrictions in advance of trial will deprive Pugh of her ability to defend against the elements of the instant charged offense.

The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The principal protection derived from the confrontation right is the right to effective cross-examination of the State's witnesses. *See Crawford v. Washington*, 541 U.S. 36, 61, 124 S.Ct. 1354, 1370, 158 L.Ed.2d 177. "The Confrontation Clause guarantees a criminal defendant the right to cross-examine government witnesses at trial." *United States v. Figueroa*, 548 F.3d 222, 227 (2d Cir. 2008) (citing *Davis v. Alaska,* 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) ). While a trial court has "broad discretion under Federal Rule of Evidence 611(b) to determine the permissible scope of cross-examination," *United States v. Lankford*, 955 F.2d 1545, 1548 (11th Cir. 1992), this discretion is subject to the requirements of the Sixth Amendment. *Id.* The Sixth Amendment's right of confrontation includes the right of cross-examination. *Id.* A trial court may, of course, impose reasonable limits on defense counsel's inquiry into the potential bias of a prosecution witness, to take account of such factors as "harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that [would be] repetitive or only marginally relevant," *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

As previously state, Counsel is well aware that juries do not decide legal issues. However, counsel does intend to seek acquittal by arguing that the government will not be able to prove each of the elements of the offense, which clearly requires questions and arguments regarding the existence or lack thereof of each element. This court's discretion

to limit cross-examination is to protect against factors such as "harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that [would be] repetitive or only marginally relevant." *Olden v. Kentucky*, 488 U.S. 227, 232, 109 S.Ct. 480, 483, 102 L.Ed.2d 513 (1988). None of those factors exist pretrial in the present case, and the government's motion *in limine* should be denied. Of course, the government retains the right to object to questions or argument during trial and receive a ruling by the court.

Respectfully submitted,

*s/GORDON ARMSTRONG*
Gordon G. Armstrong, III
Attorney at Law
P.O. Box 1464
Mobile, Alabama 36633
Telephone: 251-434-6428
gga3@arserv.com

## CERTIFICATE OF SERVICE

I certify that on this 14th day of May, 2021, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to:

Christopher Bodnar, Esq.
Justin D. Kopf, Esq.
United States Attorney's Office
63 N. Royal Street, Suite 600
Mobile, AL. 36601

*s/GORDON ARMSTRONG*
Gordon G. Armstrong, III